IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| RUSSELL PATE and LISA PATE, ) | Civil Action No. 2:13-cv-00245-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| MSC MEDITERRANEAN SHIPPING CO., S.A., ) | |
| MEDITERRANEAN SHIPPING COMPANY ) | |
| (USA), INC., HS LIVINGSTONE MBH & CO KG,) | |
| HANSA SHIPPING GMBH & CO KG, ) | |
| *in personam*, and the ) | |
| M/V HS LIVINGSTONE (IMO No. 9292149), ) | |
| Her Engines, Boilers, Tackle, Appurtenances, etc., ) | |
| *in rem*. ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COME NOW PLAINTIFFS Russell Pate and Lisa Pate, through undersigned counsel, who respectfully aver before this Honorable Court as follows:

**Jurisdiction and Applicable Law**

1. This is an action for damages stemming from the negligence of the *in personam* defendants, which occurred aboard the *in rem* defendant, a merchant vessel, while on the navigable waters of the United States and territorial waters of the State of South Carolina, and which caused injuries detailed below to the Plaintiffs on land in the Port of Charleston, State of South Carolina. The Court has Subject Matter Jurisdiction over this matter pursuant to 28 U.S.C. l333 and 46 U.S.C. 30101. The Plaintiffs hereby invoke Fed. R. Civ. P. 9(h).

2.This action arises under and is governed by the General Maritime Law of the United States; the statutory and common law of the State of South Carolina; and other laws supplementary and amendatory thereto.

3.Venue is appropriate in this Honorable Court pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to the claim occurred in this District.

**Parties**

4.Plaintiff Russell Pate ("Officer Pate") is a natural person above the age of majority and a citizen of the State of South Carolina, County of Charleston, residing in the town of Ravenel. Officer Pate is a police officer employed by the South Carolina State Ports Authority, a subdivision of the State of South Carolina.

5.Plaintiff Lisa Pate ("Mrs. Pate") is a natural person above the age of majority and is Officer Pate's wife. Mrs. Pate is a citizen of the State of South Carolina, County of Charleston, residing in the town of Ravenel.

6.The HS LIVINGSTONE is a self-propelled, for-hire, Malta Flagged container vessel which has been assigned IMO No. 9292149.   The HS LIVINGSTONE is or will be present in this district during the pendency of this litigation.

7.Defendant HS LIVINGSTONE MBH & CO KG ("HSL"), is an entity organized and existing under the laws of the Federal Republic of Germany or one of its States, with its principal place of business located in Hamburg, Germany. HSL is the registered owner of the HS LIVINGSTONE.

8.Defendant, Hansa Shipping GMBH & CO KG ("Hansa") is an entity organized and existing under the laws of the Republic of Germany, with its principal place of business in Hamburg, Germany.   Hansa is the manager, operator, charterer, and/or owner *pro hac vice* of the

HS LIVINGSTONE and/or is vicariously liable for the negligence of the Masters, Officers, and/or Crew of the HS LIVINGSTONE.

9.      Defendants MSC Mediterranean Shipping Co., S.A. and Mediterranean Shipping Company (USA), Inc. (jointly referred to as "MSC") are affiliated entities organized under the laws of the Swiss Confederation and the State of New York, respectively.   MSC was the charterer, agent, and/or operator of the HS LIVINGSTONE on the date of the incident complained of, and is vicariously liable for the negligence of the Masters, Officers, and/or Crew of the HS LIVINGSTONE.

10.     On and around January 30, 2012, and at all times otherwise material hereto, each of the Defendants owned, chartered, managed, operated, possessed, manned, and/or controlled the HS LIVINGSTONE and her Masters, Officers, and Crew.

11.     On January 30, 2012, the HS LIVINGSTONE was docking at Berth 3 of the Wando Terminal in the Port of Charleston upon the navigable waters of the United States and in the territorial waters of the State of South Carolina.

12.     On January 30, 2012, and at all times mentioned herein, Officer Pate was a South Carolina State Ports Authority Police officer, lawfully and properly performing his duties on and around berth 3 of the Wando Welch Terminal, and otherwise observing and assisting with the docking of the HS LIVINGSTONE.

13.     Officer Pate, while in the course of performing his duties, was on the dock assisting the docking pilot aboard the HS LIVINGSTONE with the placement of the vessel in its marks.   In order to perform this task, Officer Pate was required to walk between the terminal's container cranes.  Officer Pate was wearing a hard hat and at all times was acting with due care for his personal safety.

14. Officer Pate was walking between the cranes when he saw Jerry Garcia Manhuyod, a mate aboard the HS LIVINGSTONE, preparing to heave a line onto the dock. Officer Pate showed Manhuyod a "hold" signal, instructing him not to throw the line. Manhuyod complied. Thereafter, Officer Pate walked toward the bow mark, apparently obscured from Manhuyod's line of sight by one of the cranes.

15. Although he had not been given an "all clear" signal, Manhuyod heaved the line to the dock. The line heaved by Manhuyod was weighted by a knot tied around a steel bearing, commonly referred to as a "monkey fist." Officer Pate was struck in the forehead by the monkey fist, which was hurtling toward the dock at great speed.

16. Officer Pate sustained a diagnosed Traumatic Brain Injury and a cervical spine injury as a result of being struck in the forehead with the monkey fist. As a result of these injuries, Officer Pate has required extensive medical treatment, and in the future will require continued and lifelong medical treatment. As a result of these injuries Officer Pate has suffered, continues to suffer, and will continue to suffer agonizing headaches, dizziness, lightheadedness, blurred vision, loss of short and long term memory, photophobioa, phonophobia, insomnia, vertigo, and tinnitus, along with other pain and mental anguish, depression, and anxiety.

17. As a result of his injuries, Officer Pate is unable to perform the tasks previously required of him as a Ports Authority Police Officer. He has been placed on "light duty" by his benevolent employer but is, for all intents and purposes, disabled. He has suffered loss of income, and has lost all vocational ability and future earning potential as a result of the Defendants' negligence.

## FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence / Gross Negligence / Recklessness under the General Maritime Law)

18. Plaintiffs aver the foregoing as if restated here verbatim.

19. Manhuoyd heaved the line without regard for principles of good seamanship, and in violation of his general duty of due care to avoid injury to others, knowing at all times that his act and disregard for standards of due care was likely to cause severe and permanent injuries to others. This action was a willful and wanton act of negligence, gross negligence, and recklessness for which the Defendants are responsible.

20. Further, Manhuoyd would not have heaved the line toward Officer Pate if the Defendants had properly manned their vessels and trained and directed their crew. Defendants failure to properly man the HS LIVINGSTONE with a properly trained and directed crew is a separate act of negligence, resulting in Office Pate being struck in the head with a monkey fist, for which the Defendants are responsible.

21. As a result of the Defendants' negligence, Officer Pate has sustained the following compensable elements of damages:

   a. Loss of wages;

   b. Loss of wage-earning capacity;

   c. Medical expenses and damaged credit rating;

   d. Loss of fair market value of household services;

   e. Pain and suffering;

   f. Attendant care;

   g. Mental anguish;

   h. Loss of use;

    i.        Loss of enjoyment of life; and

    j.        All other damages which may be proven at trial.

### FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Loss of Consortium Pursuant to S.C. Code § 15-75-20
### and American Export Lines, Inc. v. Alvez, 446 U.S. 274 (1980))

22.    Plaintiffs aver the foregoing as if restated here verbatim

23.    As Officer Pate's wife, Mrs. Pate has enjoyed marital and spousal love, companionship, support, companionship, aid, society, services, and assistance, among other pecuniary and non-pecuniary benefits of marriage.

24.    Further, Mrs. Pate is deaf, and has a limited ability to communicate with others. During the course of their marriage, Mrs. Pate has enjoyed the unique marital benefit of having Officer Pate assist her with tasks and communications that would otherwise be, and which have become, extraordinarily difficult.

25.    As a result of the Defendants' negligence, Officer Pate has been unable to contribute to his marriage as expected or as stated above. As a result of his brain injury, he has been irritable and forgetful, is unable to complete routine tasks requiring coordination or balance, and suffers from pain, depression, anxiety, and other aspects of mental anguish which have disrupted their marital and conjugal relations. All of these conditions constitute loss for which Mrs. Pate is entitled to be compensated under S.C. Code. Ann. 15-75-20 and/or the General Maritime Law.

26.    But for the negligence of Defendants, Mrs. Pate would not have incurred the loss of Officer Pate's society, companionship, and services.

27.    As a result of the Defendants' negligence, gross negligence, and recklessness, Mrs. Pate has suffered the loss of intangible mental, physical, and emotional elements of marriage,

along with it all such support, services, and charges which one partner in the marriage performs for the other and which have a monetary and pecuniary value. Mrs. Pate is entitled to compensation for these losses, along with all others to be proven at trial, in an amount to be determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### (Maritime Lien)

28. Plaintiffs aver the foregoing as if restated here verbatim.

29. Plaintiffs are entitled to, and hereby claim, a maritime lien upon the M/V HS LIVINGSTONE.

## PLAINTIFFS' PRAYER

**WHEREFORE PLAINTIFFS**, Russell Pate and Lisa Pate, respectfully pray that process in due form of law, according to the Federal Rules of Civil Procedure and Supplemental Rules for Certain Admiralty and Maritime Claims, issue against the M/V HS LIVINGSTONE, her engines, boilers, tackle, apparel, etc., *in rem*; citing all persons having or claiming any interest therein to appear and answer all and singular, the matters aforesaid; that Defendants MSC Mediterranean Shipping Co., S.A., Mediterranean Shipping Company (USA), Inc., HS LIVINGSTONE MBH & Co. KG, and Hansa Shipping GMBH & Co. KG, be cited to appear to answer all matters aforesaid; that the lien of Plaintiffs be declared a valid maritime lien upon the whole of the vessel, her engines, apparel, appurtenances, tackles, etc., *in rem*; that after due proceedings be had, there be judgment in favor of Plaintiffs, and against the M/V HS LIVINGSTONE, her engines, tackle, apparel, appurtenances, etc., in rem; and all Defendants *in personam*, for amount to be determined by this Honorable Court, sitting In Admiralty, along with prejudgment interest, attorney's fees, all taxable costs of the action, punitive damages, and all

other damages as may be shown in the trial of this cause; that the M/V HS LIVINGSTONE be condemned and sold free and clear of all liens and encumbrances to satisfy the judgment herein; that Plaintiff's maritime lien be recognized, enforced and paid by preference and priority over all other claimants and/or intervenors herein;   and that Plaintiff have such other and further relief as may be deemed just and right following the trial of this Cause.

RESPECTFULLY SUBMITTED:

PRENNER MARVEL, P.A.

By: s/ David B. Marvel
DAVID B. MARVEL
        Fed. ID. No 7957
636 King Street
Charleston, SC    29403
(843) 722-7250
(843) 722-7260 (f)
dave@prennermarvel.com

and

Thomas W. Greene
Federal ID No.   2445
Greene Law Firm, P.A.
925 D Wappoo Road
Charleston, SC 29407
PH#843-556-7273
FAX#843-571-0074
Attorney for the Plaintiffs

January 25, 2013
Charleston, South Carolina